IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 12-20123-CM |
| | ) |
| MUNIR AHMAD CHAUDARY, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This "white collar" criminal case involves the alleged knowing use of undocumented aliens as employees at two Clarion hotels in Overland Park, Kansas and Kansas City, Missouri.  The case is before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the parties' joint suggestion that counsel be appointed to represent the two corporate defendants, Rhonda & Son's Inc. and Mac & Sons LLC.  Because of the very unusual and potentially case-dispositive contours of the legal issues presented here, the undersigned respectfully submits this report and recommendation to the presiding U.S. District Judge, Carlos Murguia.

**I.  Background**

The government has filed an indictment against three individually-named defendants, Munir Ahmad Chaudary, his wife Rhonda R. Bridge, and Nyed Naqvy, and two corporate defendants, Rhonda & Son's Inc. and Mac & Sons LLC.  The defendants are charged with conspiracy to encourage aliens to reside in the United States in violation

of 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(I); encouraging aliens to reside in the U.S. for commercial advantage or private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II); harboring an alien for commercial advantage or private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(II); and wire fraud in violation of 18 U.S.C. §§ 1343 and 2.  Significantly, the indictment also includes a forfeiture count, seeking the two hotels and other real property as well as proceeds in three banking accounts, as derived from or involved in the alleged crimes.

The court conducted the initial appearance for the three individual defendants on September 11, 2012.  Separate counsel were appointed for all three individuals, based on sworn affidavits establishing they were indigent.  Mr. Naqvy waived a detention hearing, and he was detained.  Without objection by the government, Mr. Chaudary and Ms. Bridge were both released on conditions, with the express understanding they could resume operating the two hotels that are the subject of the government's seizure in this case, provided of course that they didn't use undocumented aliens as employees.

On October 12, 2012, the court convened what was expected to be an initial appearance for the corporate defendants, Rhonda & Son's Inc. and Mac & Sons.  Neither of the corporations was represented by counsel.  At the hearing, Mr. Chaudary represented that he and Ms. Bridge control and operate Rhonda & Son's Inc. and Mac & Sons LLC.  Mr. Chaudary further claimed, but without any documentation or other support (whether in the form of a current profit and loss statement, or otherwise), that the corporate defendants are indigent and requested appointment of counsel on their behalf.

The government joined in the suggestion that counsel be appointed to represent the corporate defendants. The court expressed its hesitancy to appoint counsel and set a status conference for October 29, 2012, to allow a reasonable time for legal research so the court could make a final decision on whether the corporate defendants are entitled to appointment of counsel, and also whether any conflicts-of-interest preclude Mr. Chaudary and Ms. Bridge's attorneys from also representing the corporate defendants. After considering the arguments presented at the October 29 status conference, the undersigned recommends that the corporate defendants be denied appointment of counsel and further recommends severance of the corporate defendants from the individually-named defendants.

## II.  Appointment of Counsel To Represent the Corporate Defendants

Neither the Sixth Amendment to the United States Constitution nor the Criminal Justice Act (CJA) provides for the appointment of counsel to represent a corporation in criminal proceedings.[1]  First, unlike the Sixth Amendment right to counsel for individuals, a corporation's Sixth Amendment right does not imply that it can have counsel it cannot afford.[2]  "Rather, [a] corporation has . . . the right to *retain* the counsel of its choice to represent its interests without undue governmental intrusion. Thus, a

---

[1] *United States v. Hartsell*, 127 F.3d 343, 350 (4th Cir. 1997); *United States v. Unimex, Inc.*, 991 F.2d 546, 550 (9th Cir. 1993).

[2] *United States v. Rocky Mountain Corp.*, 746 F. Supp. 2d 790, 800 (W.D. Va. 2010).

corporation's Sixth Amendment right in a criminal trial is its right to retain counsel while an individual's Sixth Amendment right includes the right to appointed counsel."[3]

Second, the corporate defendants are not entitled to appointment of counsel under the CJA.  The CJA permits appointment of counsel for certain indigent "persons," without clarifying whether corporations or other business associations qualify as "persons" under the Act.[4]  "Although the Dictionary Act provides that the word 'person' generally includes corporations, companies, and associations 'unless the context indicates otherwise,' . . . the context of the CJA indicates that corporations and other business entities are not "persons" entitled to appointed counsel."[5]  In fact, federal courts have overwhelmingly concluded that the CJA does not provide for appointment of counsel for a corporate defendant in criminal proceedings.[6]

---

[3] *Id.* (citing *Unimex*, 991 F.2d at 550) (citations omitted) (emphasis added). *See also United States v. Johnson*, No. 98-276, 1999 WL 569528, at *3 (E.D. La. Aug. 3, 1999) ("[C]orporations are not entitled to court-appointed representation.") (citing *Scott v. Illinois*, 440 U.S. 367, 373–74 (1979) (limiting constitutional mandate to provide appointed counsel to case in which imprisonment is the punishment to be imposed on defendant)).

[4] 18 U.S.C. § 3006A(a).

[5] *United States v. Golden Heart In Home Care LLC*, No. 12-00062, 2012 WL 3580194, at *3 (S.D.W.V. Aug. 17, 2012) (citing *Hartsell*, 127 F.3d at 350).

[6] *Hartsell*, 127 F.3d at 350 (There is no suggestion anywhere in [the Criminal Justice Act] 18 U.S.C. § 3006A that corporations are entitled to publicly appointed counsel); *Unimex, Inc.*, 991 F.2d at 550 ("Neither the Sixth Amendment nor the CJA entitle a corporation to appointed counsel."); *Rocky Mountain Corp.*, 746 F. Supp. 2d at 800–01 ("Congress has not provided for the expenditure of Criminal Justice Act funds for the defense of corporations."); *Associated Builders Corp. v. United States*, No. 01-D-654-S, 2001 WL 1191144, at *1 (M.D. Ala. Oct. 10, 2001) (finding no authority either

As earlier indicated, neither Rhonda & Son's Inc. nor Mac & Sons LLC have demonstrated they are financially eligible for appointment of counsel under the CJA.[7] Although Mr. Chaudary protested during the October 12 hearing that things were so bad with the filing of charges and the seizure of corporate assets that he had essentially been reduced to working for the government seven days a week and twenty-four hours a day, neither he nor Ms. Bridge have come forward with anything reliable to support the notion that the hotels' current net income is insufficient to retain counsel to defend the corporations in this case. But even were the corporate defendants to sufficiently show they are indigent, the court would decline to appoint counsel. There is simply no authority to support appointing counsel for a corporate defendant in a criminal matter.[8]

**III. Severance**

---

permitting or requiring appointment of counsel for a corporate defendant); *United States v. Rivera*, 912 F. Supp. 634, 638 (D.P.R. 1996) (vacating magistrate judge's order granting corporate defendants appointment of counsel on the grounds that corporate defendants, even if financially unable, are not entitled to the appointment of counsel under CJA); *Mid-Central/Sysco Food Servs., Inc. v. Reg'l Food Servs., Inc.*, 755 F. Supp. 367, 367 (D. Kan. 1991) (finding no authority to appoint counsel for corporate defendant).

[7] *See* § 3006A (representation shall be provided only where the defendant is financially eligible).

[8] Having concluded that the corporate defendants are not entitled to appointment of counsel, the court will not address whether Mr. Chaudary or Ms. Bridge's appointed counsel may also represent the corporate defendants. It is worth mentioning, however, that all parties agree that potential conflicts-of-interest would preclude any such joint representation.

The applicable labyrinth of rules and statutes leaves the corporate defendants in an untenable position.  A corporate defendant may appear in federal court only through licensed counsel.[9]  Accordingly, because the corporate defendants are not entitled to appointment of counsel, they must retain counsel to defend against the crimes charged.  Here, however, the government reportedly has seized all of the corporations' assets, leaving nothing with which to retain counsel except possibly from the hotels' current net income.

When addressing nearly identical circumstances, *Golden Heart* concluded that the government's seizure of all corporate assets, in effect, limited the corporation's options to either entering a guilty plea to the crimes charged or proceeding to trial in absentia.[10]  This Morton's fork, *Golden Heart* concluded, presented a serious risk of prejudice to the corporate defendant's trial rights.  Accordingly, the court severed and held in abeyance the trial of the corporate defendant until the conclusion of a corollary civil case, noting that the civil case might yield some non-forfeitable assets with which the corporation could defend itself.[11]

Here, the court is persuaded by the reasoning in *Golden Heart.*  Severance is appropriate because "there is a serious risk that a joint trial would compromise a specific

---

[9] *Rowland v. Cal. Men's Colony, Unit 11 Men's Advisory Council*, 506 U.S. 194, 202 (1993).

[10] 2012 WL 3580194, at *3.

[11] *Id.*

trial right of one of the defendants."[12]  Specifically, Fed. R. Crim. P. 43 "prohibits the trial in absentia of a defendant who is not present at the beginning of trial."  Because the corporate defendants are, in effect, denied access to counsel, and because they may only appear through licensed counsel, the corporate defendants will almost certainly be absent at the beginning of trial.  Moreover, it is unclear from the current record that the corporate defendants were properly served with summonses pursuant to Fed. R. Crim. P. 4 and 9.[13]  Under these circumstances, due process considerations support severance.

The corporate defendants are hereby informed that, within 14 days after they are served with a copy of this report and recommendation, they may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  The corporate defendants must file any objections within the 14 day period allowed if they want to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If they do not timely file objections, no court will allow appellate review.

IT IS SO ORDERED.

Dated October 30, 2012, at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

---

[12] *United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007) (quotation omitted).

[13] *See* docs. 21 and 22.

O:\CRIMINAL\ORDERS\12-20123-CM-31.docx